Judéíe Ovvsley
delivered the opinion of the court.
This writ of error is brought to reverse a decree pronounced in favor of Robinson, perpetuating .on injunction to a judgment at law, recovered against him by "White, as the assignee of an obligation given to Johnson and Chapman.
The bill charges that the obligation was given by Robinson to secure usurious interest, agreed to be given by him for the loan of 1150.
White, by his answer, throws Robinson upon the of his equity. No depositions were taken — but upon tile bill being taken for confessed against tbs assignors, Johnson *570 and Chapman, the decree, perpetuating the injunction against the judgment recoverediiy White, was pronounced.
Hardin for plaintiff in error.
That decree, we are of opinion, cannot be sustained.— The bill, as to Johnson and Chapman, having been regularly taken as confessed, must, as to them, be considered as true, and entitled to all the weight of an admission by them of the allegations of the bill against White. But. no rule is better, has been more frequently acted upon and recognized by the decisions of this court, than that the answer of one defendant in chancery, cannot form the basis of a decree against others. ThoSe cases, in which this court has heretofore applied the rule, are not only in principle like the present, but some of them so perfectly analogous in all their circumstances, as to furnish conducive authority against the decree of the court below.
The decree must, therefore, be reversed with costs, and the cause remanded to the court below, and the bill, as to White, dismissed with cost- — but as to the assignors, a de-ejee should be entered in favor of Robinson, according to the equity asserted in the bill.